UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15-31594 |
| DAVID GORDON WALLACE, JR., | § | |
| Debtor. | § | |
| | § | (CHAPTER 7) |
| ZT WEALTH DEVELOPMENT, L.P. | § | |
| Plaintiff, | § | |
| | § | Adversary No. 15-03242 |
| V. | § | |
| | § | |
| DAVID GORDON WALLACE, JR., | § | |
| Defendant. | § | |
| | § | United States Courts |
| RODENY TOW, CHAPTER 7 | § | Southern District of Texas |
| TRUSTEE. | § | FILED |
| Plaintiff-Intervenor, | § | APR 1 4 2016 |
| | § | |
| V. | § | David J. Bradley, Clerk of Court |
| | § | |
| ZT WEALTH DEVELOPMENT, L.P. | § | |
| COSTA BAJJALI, TASEER A. BADAR, | § | |
| ALTUS HEALTHCARE | § | |
| MANAGEMENT L.P., ALTUS HMS II | § | |
| L.P., ALTUS HOSPICE OF HOUSTON | § | |
| L.P., ALTUS MEDICAL EQUIPMENT & | § | |
| SERVICES L.P., ALTUS RADIATION | § | |
| BILLING & MANAGEMENT L.L.P., | § | |
| ALTUS RADIATION ONCOLOGY | § | |
| (BAYTOWN) L.P., CLARUS BILLING & | § | |
| MANAGEMENT L.P., CLARUS | § | |
| IMAGING (BAYOTOWN) L.P., | § | |
| CLARUS IMAGING (BEAUMONT) L.P., | § | |
| TRUE VIEW REALTY PARTNERS ONE | § | |
| L.P., TRUE VIEW REALTY PARTNERS | § | |
| TWO L.P., TRUE VIEW REALTY | § | |
| PARTNERS THREE L.P., ZT GROUP | § | |
| BUSINESS CENTER ONE (PEARLAND) | § | |
| L.P., AND ZT SHADOW CREEK | § | |
| PARTNERS L.P. | § | |
| | § | |
| Defendants. | § | |

**<u>PLAINTIFFS' RESPONSE TO PLAINTIFF-INTERVENOR'S ORIGINAL COMPLAINT</u>**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, JEFF BOHM:**

Comes now, Defendant Costa Bajjali ("Bajjali") and files this Response to Plaintiff-Intervenor's

Original Complaint ("Complaint") and would show unto the Court as follows:

**RESPONSE TO PLAINTIFF-INTERVENOR'S ORIGINAL COMPLAINT**

1. Bajjali lacks knowledge or information sufficient to form a belief. To the extent a response is required; Bajjali admits that the Court has jurisdiction over this adversary proceeding.

2. Bajjali lacks knowledge or information sufficient to form a belief. To the extent a response is required; Bajjali admits that this is a "core" proceeding.

3. Bajjali lacks knowledge or information sufficient to form a belief. To the extent a response is required; Bajjali admits that the Court may enter final judgement or propose findings of fact and conclusions of law in this action.

4. Bajjali lacks knowledge or information sufficient to form a belief. To the extent a response is required; Bajjali admits that the Venue is proper in this Court.

5. The averments in Paragraph 5 are admitted.

6. The averments in Paragraph 6 are admitted.

7. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 7. To the extent a response is required, the averments in Paragraph 7 are denied.

8. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 8. To the extent a response is required, the averments in Paragraph 8 are denied.

9. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 9. To the extent a response is required, the averments in Paragraph 9 are denied.

10. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 10. To the extent a response is required, the averments in Paragraph 10 are denied.

11. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 11. To the extent a response is required, the averments in Paragraph 11 are denied.

12. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 12. To the extent a response is required, the averments in Paragraph 12 are denied.

13. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 13. To the extent a response is required, the averments in Paragraph 13 are denied.

14. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 14. To the extent a response is required, the averments in Paragraph 14 are denied.

15. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 15. To the extent a response is required, the averments in Paragraph 15 are denied.

16. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 16. To the extent a response is required, the averments in

Paragraph 16 are denied.

17. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 17. To the extent a response is required, the averments in Paragraph 17 are denied.

18. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 18. To the extent a response is required, the averments in Paragraph 18 are denied.

19. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 19. To the extent a response is required, the averments in Paragraph 19 are denied.

20. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 20. To the extent a response is required, the averments in Paragraph 20 are denied.

21. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 21. To the extent a response is required, the averments in Paragraph 21 are denied.

22. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 22. To the extent a response is required, the averments in Paragraph 22 are denied.

23. The averments in Paragraph 23 are denied.

24. The averments in the first and second sentences of Paragraph 24 are denied. Wallace was not Bajjali's business partner, rather The Whitney Leigh Wallace 1996 Sub-S Trust and the Jacquelyn Marie Wallace 1996 Sub-S Trust (the "Wallace Trusts") are two of the

three limited partners in Wallace Bajjali Development Partners, LP, and two of the three members of Wallace Bajjali Management, LLC.

25. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 25. To the extent a response is required, the averments in Paragraph 25 are denied.

26. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 26. To the extent a response is required, the averments in Paragraph 26 are denied.

27. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 27. To the extent a response is required, the averments in Paragraph 27 are denied.

28. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 28. To the extent a response is required, the averments in Paragraph 28 are denied.

29. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 29. To the extent a response is required, the averments in Paragraph 29 are denied.

30. Bajjali admits that Wallace spent extensive amounts of time working on ZT related matter. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in the second and third sentences of Paragraph 30. To the extent a response is required, the averments in the second and third sentences of Paragraph 30 are denied.

31. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the

averments in Paragraph 31. To the extent a response is required, the averments in Paragraph 31 are denied.

32. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 32. To the extent a response is required, the averments in Paragraph 32 are denied.

33. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 33. To the extent a response is required, the averments in Paragraph 33 are denied.

34. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 34. To the extent a response is required, the averments in Paragraph 34 are denied.

35. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 35. To the extent a response is required, the averments in Paragraph 35 are denied.

36. The averments in Paragraph 36 are denied.

37. The averments in Paragraph 37 are admitted.

38. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 38. To the extent a response is required, the averments in Paragraph 38 are denied.

39. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 39. To the extent a response is required, the averments in Paragraph 39 are denied.

40. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the

averments in Paragraph 40. To the extent a response is required, the averments in Paragraph 40 are denied.

41. The averments in Paragraph 41 are admitted.  However, Wallace, as Trustee for the Wallace Trusts, acting on behalf of the Wallace Trusts, exercised their right in the Buy-Sell Provision under the terms of the WBDP Agreement.

42. The averments in Paragraph 42 are denied.

43. The averments in Paragraph 43 are denied.

44. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 44. To the extent a response is required, the averments in Paragraph 44 are denied.

45. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 45. To the extent a response is required, the averments in Paragraph 45 are denied.

46. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 46. To the extent a response is required, the averments in Paragraph 46 are denied.

47. Paragraph 47 does not require response.  To the extent a response is required, Bajjali incorporates the statements set forth in Paragraphs 1-46 of Bajjali's Response.

48. Bajjali admits he is a party to the WBDP Agreement, but denies that Wallace is a party to the WBDP Agreement.  (The Wallace Trusts are parties to the WBDP Agreement.)

49. The averments in Paragraph 49 are denied.  The Wallace Trusts defaulted on their obligation in exercising the Buy-Sell Provision in the WBDP Agreement.

50. The averments in Paragraph 50 are denied. The Wallace Trusts defaulted on their

obligation in exercising the Buy-Sell Provision in the WBDP Agreement. Bajjali was not obligated to perform.

51. The averments in Paragraph 51 are denied.

52. The averments in Paragraph 52 are denied.

53. The averments in Paragraph 53 are denied.

54. The averments in Paragraph 54 are denied.  Plaintiff is not a party to the WBDP Agreement.

55. Paragraph 55 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

56. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 56. To the extent a response is required, the averments in Paragraph 56 are denied.

57. The averments in Paragraph 57 are admitted.

58. The averments in Paragraph 58 are denied.

59. The averments in Paragraph 59 are denied.

60. The averments in Paragraph 60 are denied.

61. The averments in Paragraph 61 are denied.

62. The averments in Paragraph 62 are denied.

63. The averments in Paragraph 63 are denied.

64. Paragraph 64 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

65. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 65. To the extent a response is required, the averments in

Paragraph 65 are denied.

66. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 66. To the extent a response is required, the averments in Paragraph 66 are denied.

67. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 67. To the extent a response is required, the averments in Paragraph 67 are denied.

68. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 68. To the extent a response is required, the averments in Paragraph 68 are denied.

69. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 69. To the extent a response is required, the averments in Paragraph 69 are denied.

70. Paragraph 70 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

71. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 71. To the extent a response is required, the averments in Paragraph 71 are denied.

72. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 72. To the extent a response is required, the averments in Paragraph 72 are denied.

73. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 73. To the extent a response is required, the averments in

Paragraph 73 are denied.

74. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 74. To the extent a response is required, the averments in Paragraph 74 are denied.

75. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 75. To the extent a response is required, the averments in Paragraph 75 are denied.

76. Paragraph 76 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

77. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 77. To the extent a response is required, the averments in Paragraph 77 are denied.

78. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 78. To the extent a response is required, the averments in Paragraph 78 are denied.

79. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 79. To the extent a response is required, the averments in Paragraph 79 are denied.

80. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 80. To the extent a response is required, the averments in Paragraph 80 are denied.

81. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 81. To the extent a response is required, the averments in

Paragraph 81 are denied.

82. Paragraph 82 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

83. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 83. To the extent a response is required, the averments in Paragraph 83 are denied.

84. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 84. To the extent a response is required, the averments in Paragraph 84 are denied.

85. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 85. To the extent a response is required, the averments in Paragraph 85 are denied.

86. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 86. To the extent a response is required, the averments in Paragraph 86 are denied.

87. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 87. To the extent a response is required, the averments in Paragraph 87 are denied.

88. Paragraph 88 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

89. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 89. To the extent a response is required, the averments in Paragraph 89 are denied.

90. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 90. To the extent a response is required, the averments in Paragraph 90 are denied.

91. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 91. To the extent a response is required, the averments in Paragraph 91 are denied.

92. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 92. To the extent a response is required, the averments in Paragraph 92 are denied.

93. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 93. To the extent a response is required, the averments in Paragraph 93 are denied.

94. Paragraph 94 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

95. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 95. To the extent a response is required, the averments in Paragraph 95 are denied.

96. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 96. To the extent a response is required, the averments in Paragraph 96 are denied.

97. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 97. To the extent a response is required, the averments in Paragraph 97 are denied.

98. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 98. To the extent a response is required, the averments in Paragraph 98 are denied.

99. Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 99. To the extent a response is required, the averments in Paragraph 99 are denied.

100.    Paragraph 100 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

101.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 101. To the extent a response is required, the averments in Paragraph 101 are denied.

102.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 102. To the extent a response is required, the averments in Paragraph 102 are denied.

103.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 103. To the extent a response is required, the averments in Paragraph 103 are denied.

104.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 104. To the extent a response is required, the averments in Paragraph 104 are denied.

105.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 105. To the extent a response is required, the averments in

Paragraph 105 are denied.

106.     Paragraph 106 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

107.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 107. To the extent a response is required, the averments in Paragraph 107 are denied.

108.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 108. To the extent a response is required, the averments in Paragraph 108 are denied.

109.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 109. To the extent a response is required, the averments in Paragraph 109 are denied.

110.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 110. To the extent a response is required, the averments in Paragraph 110 are denied.

111.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 111. To the extent a response is required, the averments in Paragraph 111 are denied.

112.     Paragraph 112 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

113.     Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 113. To the extent a response is required, the averments in Paragraph 113 are denied.

114.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 114. To the extent a response is required, the averments in Paragraph 114 are denied.

115.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 115. To the extent a response is required, the averments in Paragraph 115 are denied.

116.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 116. To the extent a response is required, the averments in Paragraph 116 are denied.

117.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 117. To the extent a response is required, the averments in Paragraph 117 are denied.

118.     Paragraph 118 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

119.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 119. To the extent a response is required, the averments in Paragraph 119 are denied.

120.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 120. To the extent a response is required, the averments in Paragraph 120 are denied.

121.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 121. To the extent a response is required, the averments in Paragraph 121 are denied.

122.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 122. To the extent a response is required, the averments in Paragraph 122 are denied.

123.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 123. To the extent a response is required, the averments in Paragraph 123 are denied.

124.     Paragraph 124 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

125.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 125. To the extent a response is required, the averments in Paragraph 125 are denied.

126.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 126. To the extent a response is required, the averments in Paragraph 126 are denied.

127.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 127. To the extent a response is required, the averments in Paragraph 127 are denied.

128.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 128. To the extent a response is required, the averments in

Paragraph 128 are denied.

129.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 129. To the extent a response is required, the averments in Paragraph 129 are denied.

130.     Paragraph 130 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

131.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 131. To the extent a response is required, the averments in Paragraph 131 are denied.

132.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 132. To the extent a response is required, the averments in Paragraph 132 are denied.

133.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 133. To the extent a response is required, the averments in Paragraph 133 are denied.

134.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 134. To the extent a response is required, the averments in Paragraph 134 are denied.

135.     Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 135. To the extent a response is required, the averments in Paragraph 135 are denied.

136.     Paragraph 136 does not require a response. To the extent a response is required,

Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's
Response.

137.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 137. To the extent a response is required, the averments in
Paragraph 137 are denied.

138.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 138. To the extent a response is required, the averments in
Paragraph 138 are denied.

139.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 139. To the extent a response is required, the averments in
Paragraph 139 are denied.

140.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 140. To the extent a response is required, the averments in
Paragraph 140 are denied.

141.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 141. To the extent a response is required, the averments in
Paragraph 141 are denied.

142.     Paragraph 142 does not require a response. To the extent a response is required,
Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's
Response.

143.     Bajjali lacks knowledge or information sufficient to form a belief about the truth
of the averments in Paragraph 143. To the extent a response is required, the averments in
Paragraph 143 are denied.

144.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 144. To the extent a response is required, the averments in Paragraph 144 are denied.

145.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 145. To the extent a response is required, the averments in Paragraph 145 are denied.

146.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 146. To the extent a response is required, the averments in Paragraph 146 are denied.

147.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 147. To the extent a response is required, the averments in Paragraph 147 are denied.

148.    Paragraph 148 does not require a response. To the extent a response is required, Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's Response.

149.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 149. To the extent a response is required, the averments in Paragraph 149 are denied.

150.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 150. To the extent a response is required, the averments in Paragraph 150 are denied.

151.    Bajjali lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 151. To the extent a response is required, the averments in

Paragraph 151 are denied.

152.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 152. To the extent a response is required, the averments in

Paragraph 152 are denied.

153.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 153. To the extent a response is required, the averments in

Paragraph 153 are denied.

154.      Paragraph 154 does not require a response. To the extent a response is required,

Bajjali incorporates the statements set forth in all preceding paragraphs of Bajjali's

Response.

155.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 155. To the extent a response is required, the averments in

Paragraph 155 are denied.

156.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 156. To the extent a response is required, the averments in

Paragraph 156 are denied.

157.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 157. To the extent a response is required, the averments in

Paragraph 157 are denied.

158.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 158. To the extent a response is required, the averments in

Paragraph 158 are denied.

159.      Bajjali lacks knowledge or information sufficient to form a belief about the truth

of the averments in Paragraph 159. To the extent a response is required, the averments in Paragraph 159 are denied.

160.      Paragraph 160 does not require a response. To the extent a response is required, Bajjali denies the statements in Paragraph 160.

161.      Bajjali denies each and every allegation of fact contained in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

162.      Bajjali pleads that the Wallace Trusts materially breached the Contract; therefore, Bajjali's performance was excused.

163.      Defendant Bajjali pleads that the Wallace Trusts made it impossible for Bajjali to perform under the Contract; therefore, Bajjali's performance was excused.

164.      Defendant Bajjali pleads that Wallace is not a party to the WBDP Agreement; therefore, Bajjali is not liable to Wallace.

165.      Defendant Bajjali pleads a failure of consideration by the Wallace Trusts; therefore Bajjali is not liable.

166.      Defendant Bajjali pleads a failure to perform conditions precedent; therefore Bajjali is not liable.

167.      Defendant Bajjali denies that he is liable on Plaintiff's claims for tortious interference

## PRAYER

168.      For these reasons, Defendant Bajjali pray that this case be dismissed, and that Defendant Bajjali recover such other and further relief, at law or in equity, to which he is entitled.

## DEFENDANT'S / COUNTER-PLAINTIFF'S ORIGINAL COUNTERCLAIM AND

## CROSSCLAIM

Defendants Bajjali, now acting as Counter-Plaintiff, complain of Wallace, ZT Wealth

Development, L.P. ("ZT"), Taseer A. Badar ("Badar") and the Wallace Trusts.  Defendant /

Counter-Plaintiff Bajjali would show the Court as follows:

169.     Defendant Bajjali brings the following counter claims against Debtor, ZT, Badar

and the Wallace Trusts to recover for damages suffered by Bajjali due:

    a.  The Wallace Trusts' breach of contract with Bajjali

    b.  ZT's tortious interference with Bajjali's business with the Wallace Trusts

    c.  Badar's tortious interference with Bajjali business with the Wallace Trusts

    d.  Wallace's tortious interference with Bajjali business with the Wallace Trusts


### FACTUAL BACKROUND


170.     During the last several years, David Wallace was spending the majority of his

time working on ZT related matters and was not interested or concerned with existing

projects or existing investors.  David Wallace admitted in writing that he was conflicted

when it was necessary to make a decisions to protect the investor's interest in ZT Group

Business Center One (Pearland) L.P., and ZT Shadow Creek Partners L.P. Mr. Wallace

should have never put himself in a position where he is conflicted in representing the

interest of 150+ investors.  Mr. Wallace breached his fiduciary duty to the investors.

171.     Wallace and Bajjali had unsuccessfully worked together for several years to

secure an equity partner in order to better capitalize WBDP to continue to pursue Public Private Partnerships that Wallace was interested in pursuing.

172.　　In April of 2014, Bajjali proposed approaching ZT to buy his interest in WBDP, stating that Wallace already had a good working relationship with ZT and that Wallace was already spending tremendous amount of time with ZT.

173.　　In July of 2014, David Wallace and Greg Jackson, an employee of WBDP ("Jackson"), worked on a model to determine the value of Wallace Bajjali based on existing projects and potential new projects. The model Jackson sent to Bajjali showed that the 50% value of the company was $1,823,623. After the addition of a couple of projects that Jackson missed on his model, the model was modified to show the 50% value to be at $2,223,968.

174.　　In early July of 2014, Wallace insisted that Bajjali provide him with a number that Wallace could present to ZT to purchase Bajjali's 50% share in WBDP. Based on the model that David Wallace and Jackson put together, in late July of 2014, Bajjali proposed to Wallace a tiered structure for him to present to ZT. The structure was as low as one half of the valuation that Wallace came up with but required that Bajjali receive releases from financial liabilities of WBDP. The structure also included only one half of the bonus amount Bajjali was entitled to under the Amarillo agreement, contingent on Bajjali's ability to finalize and secure the Amarillo contract that Wallace had given up on.

175.　　Wallace told Bajjali that he wanted to present the offer to ZT, as he had an excellent relationship with the owners and several of the C-level executives.

176.　　Between Mid-July and August 13, 2014 and on several occasions, Bajjali asked Wallace how things were going with ZT and Wallace would state that ZT is performing

their due diligence and that "we are very close to a deal."

177.       It is now clear and evident to Bajjali that David Wallace and ZT were conspiring to find a way to push Bajjali out of WBDP.  Instead of negotiating in good faith, they contrived the idea of triggering the buy-sell provision of the WBDP Agreement.

178.       On August 13, 2014, David Wallace, as Trustee of the Wallace Trusts, triggered a hostile buy-sell via an email that he sent to Bajjali, while Bajjali was in the middle of a business meeting in North Houston.

179.       Wallace and ZT tortiously interfered with Bajjali's partnership with the Wallace Trusts and caused severe damage to WBDP, its lenders, its employees and its investors.

180.       On August 22, 2014, Bajjali requested that Wallace immediately retract the buy-sell offer set forth in his August 14th letter, so that the parties may negotiate and establish a plan which met their respective objectives, honored their fiduciary obligations to their investors and simultaneously protected the interests of the investors.

181.       On August 26, 2014 Wallace agreed to suspend the timeframe in which Bajjali had to respond to the Buy-Sell Letter, so that the parties could participate in mediation.

182.       Before and during the failed mediation Wallace refused to use an MIA appraiser to determine the fair market value of WBDP per Section 7.8 of the WBDP Agreement.

183.       After the failed mediation on September 11,2014 Wallace engaged in a peculiar and deceptive behavior of negotiating no less than half of dozen different deal structures, without agreeing to finalize any of them.

184.       On November 4, 2014, Wallace's attorney sent a letter stating that Wallace is moving forward with the buy-sell procedure and deposited $10,000, on behalf of the Wallace Trusts, as earnest money.

185.     On December 14, 2014 the Wallace Trusts failed to timely tender acceptable executed documents and failed to timely tender payment.  The Wallace Trusts breached the contract by failing to comply with the Buy-Sell Provision in the WBDP Agreement.

186.     On December 22, 2014 Wallace filed a lawsuit in Fort Bend County to enforce the sale of ownership of units under the WBDP Agreement, but on January 13, 2015 Wallace non-suit without Prejudice.

187.     The record will show that several deals, related to WBDP and its subsidiaries, were falling apart without Bajjali's effort to ensure that those deals closed (Bajjali had previously resigned from related entities on November 3, 2015, due to the pending buyout). Furthermore, the record will show that one of the largest deals Wallace and ZT development were attempting to secure, by the end of 2014, was also falling apart.

188.     On January 6, 2015 Wallace engaged his current attorney to file Personal Bankruptcy.

189.     Wallace could have continued with his lawsuit to enforce the sale of ownership of the WBDP unit; however, Wallace choose to seek personal Bankruptcy protection instead.

190.     Wallace resigned from all WBDP related entities, entities that Bajjali had previously resigned from on November 3, 2015, leaving those entities without managers or officers. Wallace breached his fiduciary duties to the investors and to Bajjali.

191.     Wallace fraudulently induced Bajjali to believe that Wallace was working with ZT, in good faith, to facilitate ZT's purchase of Bajjali's interest in WBDP while behind the scenes, Wallace was contriving a plan to defraud Bajjali from the value of his shares in WBDP.

192.      Bajjali suffered actual harm as a result of the Wallace's and ZT's conduct.

193.      Bajjali suffered damages from Wallace's and ZT's conduct, in such amount as may be proven at trial

194.      Bajjali is entitled to punitive damages for Wallace's and ZT's tortious conduct

## RESERVATION OF RIGHTS

195.      Bajjali hereby specifically reserves the right to bring any and all other causes of action that  he may maintain against the Wallace and ZT  including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by Bajjali reveals such further cause of action.

## PRAYER

WHEREFORE, Bajjali respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:

a.   Enter an order of judgment awarding  Bajjali actual and compensatory damages caused by Wallace Trusts violation of the WBDP Agreement and Wallace's, ZT's and Badar's tortious interference with Bajjali's business relation with the Wallace Trusts

b.   Enter an order of judgment awarding Bajjali such punitive damages as the evidence supports;

c.   Enter an order of judgment awarding Bajjali costs and reasonable attorneys' fees incurred herein.

d.   Grant Bajjali such other and further relief beneficial to Bajjali, as the Court deems appropriate and just under the circumstances.

Dated: April 14, 2016

Respectfully submitted,

By:  _____
Costa Bajjali, Pro Se
9119 Highway 6
Suite 230-313
Missouri City, TX 77459

COSTA BAJJALI, *PRO SE*