IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DAVID G. WALLACE JR. | § | Case No. 15-31594-H4-7 |
| Debtor. | § § | |
| | § | Chapter 7 |
| ZT WEALTH DEVELOPMENT, L.P. | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Adversary No. 15-03242 |
| DAVID G. WALLACE JR. | § § § | |
| Defendant. | § § | |
| RODNEY TOW, CHAPTER 7 TRUSTEE | § § § § | |
| Plaintiff-Intervenor, | § § § | |
| vs. | § § | |
| ZT WEALTH DEVELOPMENT, L.P., et al. | § § § § | |
| Defendants. | § § | |

**DEFENDANT DAVID G. WALLACE'S MOTION TO DISMISS
DEFENDANT COSTA BAJJALI'S CROSS-CLAIM ASSERTED
AGAINST DEFENDANT AND DEBTOR DAVID G. WALLACE, JR.
AS SUCH CLAIMS ARE VIOLATIVE OF THE AUTOMATIC STAY AND
<u>ARE BARRED AS A MATTER OF LAW</u>**
(Related to Docket No. 24)

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, David G. Wallace, Jr. ("*Wallace*") and files his *Motion to Dismiss Defendant Costa Bajjali's Cross-Claims Asserted against Defendant and Debtor David G.*

2966901

*Wallace, Jr. As Such Claims are Violative of the Automatic Stay and Are Barred as a Matter of Law* (the "***Motion to Dismiss***") for violation of the automatic stay, and shows:

## SUMMARY

1.   Wallace moves to dismiss all claims brought by Costa Bajjali ("***Bajjali***") against Wallace because Bajjali asserts such purported claims in violation of the automatic stay.[1] Bajjali failed to file any proof of claim or file a complaint objecting to discharge or dischargeability. The purported claims against Wallace are therefore barred.

## RELEVANT BACKGROUND

2.   On March 24, 2015, Wallace filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. [*See* Main Case Docket No. 1].

3.   Bajjali is scheduled in Wallace's Bankruptcy Schedules. [*See e.g.*, Main Case Docket No. 20 p.50 of 163].

4.   Bajjali had notice of the Wallace's Bankruptcy Case. [*See e.g.*, Main Case Docket No. 11 p.3 of 8].

5.   The deadline to object to the Debtor's discharge expired (the "***Discharge Deadline***"). Bajjali did not object to Wallace's discharge or the dischargeability of any debt. [*See generally* Main Case Docket].

6.   If Bajjali believed he had purported prepetition claims, the Bankruptcy Code and process requires him to file a proof of claim or such claims are barred.

7.   The deadline to file a proof of claim in the Debtor's bankruptcy case was February 1, 2016 (the "***Proof of Claim Deadline***") (collectively with the Discharge Deadline, the

---

[1] Wallace reserves any and all rights to file the appropriate pleading seeking damages related to Bajjali's violation of the automatic stay.

"*Bar Dates*"). [*See* Docket No. 155]. Bajjali failed to file any claim in the Debtor's bankruptcy case. [*See generally* Case No. 15-31594 Claim Register].

8. On September 30, 2015, ZT Wealth Development, L.P. initiated the above-captioned discharge action against Wallace (the "*Adversary Proceeding*"). [Docket No. 1].

9. On February 5, 2016, Wallace filed his Answer. [Docket No. 12].

10. On February 16, 2016, Rodney Tow, Chapter 7 Trustee filed his Motion to Intervene in the Adversary Proceeding. [Docket No. 13]. The Motion to Intervene was granted and the Trustee subsequently filed his *Plaintiff's-Intervenor's Original Complaint*. [Docket Nos. 17 and 19, respectively].

11. Through his *Plaintiff's-Intervenor's Original Complaint*, the Trustee brought claims against a number of individuals and entities, including Bajjali.

12. On April 14, 2016, Bajjali filed his *Response to Plaintiff's-Intervenor's Original Complaint* (the "*Answer and Cross-Claim*") and therein asserted purported counter-claims and cross-claims against a number of parties, including Wallace. [Docket No. 24].

13. <u>Wallace has not asserted any claims against Bajjali.</u>

14. The Answer and Cross-Claim seek affirmative relief against Wallace for purported breach of fiduciary duties, and purported tortious interference.

15. For example, the Answer and Cross-Claim states:

> i. "Defendant Bajjali brings the following counter claims against Debtor . . . to recover for damages suffered by Bajjalie due:
> \*   \*   \*
> d. Wallace's tortious interference with Bajjali business and the Wallace Trust." [Answer and Cross Claim ¶ 169.d.].
>
> ii. "Bajjali is entitled to punitive damages for Wallace's and ZT's tortious conduct." [Answer and Cross-Claim ¶ 194].

16. Furthermore, the Answer and Cross-Claim seeks affirmative relief from Wallace in the form of actual and compensatory damages, punitive damages and reasonable attorneys' fees. [See Answer and Cross Claim p.26].

17. The affirmative claims asserted by Bajjali against Wallace are an improper willful violation of the automatic stay under 11 U.S.C. § 362. The applicable Bar Dates have passed. Dismissal of such claims is proper.

## ARGUMENT

18. Bajjali's affirmative claims against Wallace constitute a knowing and willful violation of the automatic stay imposed by 11 U.S.C. § 362.

19. 11 U.S.C. § 362(a) states in pertinent part:

> a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

20. Bajjali had notice of Wallace's bankruptcy proceeding. Bajjali failed to timely file either a proof of claim or object to the Debtor's discharge.

21. The factual allegations set forth in the Answer and Cross-Claim arise from alleged pre-petition conduct. All such claims are now barred. Bajjali actions are violative of the Bankruptcy Code and process.

22. All purported claims that Bajjali asserts against Wallace were brought after the expiration of the Bar Dates and in violation of the automatic stay. Dismissal of Bajjali's claims against Wallace is proper. *See In re Rae*, 115 B.R. 6, 7 (Bankr. D.C. 1990) (dismissing

2966901

4

dischargeability claims brought against the debtor after the bar dates set in the Bankruptcy Code had expired); s*ee also Matter of Crum*, 55 B.R. 455, 457–58 (Bankr. M.D. Fla. 1985) (finding that motion for leave to file cross-claim seeking money damages against a debtor currently involved in a pending case under Title 11 was a violation of the automatic stay).

23.     For these reasons, granting of Wallace's Motion to Dismiss and dismissal of all of Bajjali's claims against Wallace is proper.

**Alternative Pleading Extension**

24.     While Wallace asserts that dismissal is entirely appropriate under the circumstances, if the Court disagrees, Wallace requests that the Court exercise its broad discretion under FED. R. CIV. P. 6(b) to extend the responsive deadline to fourteen (14) days after ruling on this Motion to Dismiss or until such other time as directed by the Court.

WHEREFORE, for the reasons stated herein, David G. Wallace, Jr. respectfully prays that the Court dismiss the Costa Bajjali's claims against Wallace with prejudice and grant him such other and further relief to which he is justly entitled.

Respectfully submitted,

*/s/ Simon Mayer*
Wayne Kitchens     TBN: 11541110
wkitchens@hwa.com
Simon R. Mayer     TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
1201 Louisiana, 28th Floor
Houston, Texas 77002
Telephone: 713-759-0818
Facsimile: 713-759-6834
**BANKRUPTCY COUNSEL FOR
DAVID WALLACE**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this pleading was served via the method indicated to the parties listed below on May 24, 2016.

***Via ECF***
Thomas Schmidt
SCHMIDT LAW FIRM, PLLC
7880 San Felipe, Suite 210
Houston, Texas 77063

***Via ECF***
William James Hotze
Diamond McCarthy, LLP
909 Fannin Street
15th Floor
Houston, Texas 77010

***Via US Mail***
Costa Bajjali
9119 Highway 6
Suite 230-313
Missouri City, Texas 77459

                                                */s/ Simon Mayer*
                                                Simon Mayer