## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | **CASE NO. 15-31594** |
| **DAVID GORDON WALLACE, JR.,** | § | |
| Debtor. | § | |
| | § | **(CHAPTER 7)** |
| **ZT WEALTH DEVELOPMENT, L.P.** | § | |
| Plaintiff, | § | |
| | § | **Adversary No. 15-03242** |
| **V.** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.,** | § | |
| Defendant. | § | |
| | § | |
| **RODENY TOW, CHAPTER 7** | § | |
| **TRUSTEE.** | § | |
| Plaintiff-Intervenor, | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ZT WEALTH DEVELOPMENT, L.P.** | § | |
| **COSTA BAJJALI, TASEER A. BADAR,** | § | |
| **ALTUS HEALTHCARE** | § | |
| **MANAGEMENT L.P., ALTUS HMS II** | § | |
| **L.P., ALTUS HOSPICE OF HOUSTON** | § | |
| **L.P., ALTUS MEDICAL EQUIPMENT &** | § | |
| **SERVICES L.P., ALTUS RADIATION** | § | |
| **BILLING & MANAGEMENT L.L.P.,** | § | |
| **ALTUS RADIATION ONCOLOGY** | § | |
| **(BAYTOWN) L.P., CLARUS BILLING &** | § | |
| **MANAGEMENT L.P., CLARUS** | § | |
| **IMAGING (BAYOTOWN) L.P.,** | § | |
| **CLARUS IMAGING (BEAUMONT) L.P.,** | § | |
| **TRUE VIEW REALTY PARTNERS ONE** | § | |
| **L.P., TRUE VIEW REALTY PARTNERS** | § | |
| **TWO L.P., TRUE VIEW REALTY** | § | |
| **PARTNERS THREE L.P., ZT GROUP** | § | |
| **BUSINESS CENTER ONE (PEARLAND)** | § | |
| **L.P., AND ZT SHADOW CREEK** | § | |
| **PARTNERS L.P.** | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT BAJJALI'S AMENDED ANSWER AND COUNTERCLAIM

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE, JEFF BOHM:**

Comes now, Defendant Costa Bajjali ("Defendant") and files this Amended Answer to Plaintiff-Intervenor's Original Complaint and Counterclaim ("Answer") and would show unto the Court as follows:

*DEFENDANT DEMANDS A TRIAL BY JURY.*

## ANSWER TO PLAINTIFF-INTERVENOR'S ORIGINAL COMPLAINT

1. Paragraph 1 of Plaintiff-Intervenor's Original Complaint (the "Complaint") does not contain factual allegations that require a response.  Defendant admits that the Bankruptcy Court has jurisdiction over this adversary proceeding.

2. Defendant denies that this is a core proceeding.

3. Defendant denies that the Bankruptcy Court has the authority to enter a final judgment in this proceeding without the consent of the parties.  Defendant consents to this Court presiding over a jury trial in this proceeding.

4. Paragraph 4 of the Complaint does not contain factual allegations that require a response.

5. Defendant admits the factual allegations contained in paragraph 5.

6. Defendant admits the factual allegations contained in paragraph 6.

7.  The Defendant is unable to admit or deny the factual allegations contained in paragraph 7 of the Complaint.

8. The Defendant is unable to admit or deny the factual allegations contained in paragraph 8 of the Complaint.

9. The Defendant is unable to admit or deny the factual allegations contained in paragraph 9 of the Complaint.

10. The Defendant is unable to admit or deny the factual allegations contained in paragraph 10 of the Complaint.

11. The Defendant is unable to admit or deny the factual allegations contained in paragraph 11 of the Complaint.

12. The Defendant is unable to admit or deny the factual allegations contained in paragraph 12 of the Complaint.

13. The Defendant is unable to admit or deny the factual allegations contained in paragraph 13 of the Complaint.

14. The Defendant is unable to admit or deny the factual allegations contained in paragraph 14 of the Complaint.

15. The Defendant is unable to admit or deny the factual allegations contained in paragraph 15 of the Complaint.

16. The Defendant is unable to admit or deny the factual allegations contained in paragraph 16 of the Complaint.

17. The Defendant is unable to admit or deny the factual allegations contained in paragraph 17 of the Complaint.

18. The Defendant is unable to admit or deny the factual allegations contained in paragraph 18 of the Complaint.

19. The Defendant is unable to admit or deny the factual allegations contained in paragraph 19 of the Complaint.

20. The Defendant is unable to admit or deny the factual allegations contained in paragraph 20 of the Complaint.

21. The Defendant is unable to admit or deny the factual allegations contained in paragraph

21 of the Complaint.

22. The Defendant is unable to admit or deny the factual allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the factual allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the factual allegations contained in paragraph 24 of the Complaint.

25. The Defendant is unable to admit or deny the factual allegations contained in paragraph 25 of the Complaint.

26. The Defendant is unable to admit or deny the factual allegations contained in paragraph 26 of the Complaint.

27. The Defendant is unable to admit or deny the factual allegations contained in paragraph 27 of the Complaint.

28. The Defendant is unable to admit or deny the factual allegations contained in paragraph 28 of the Complaint.

29. The Defendant is unable to admit or deny the factual allegations contained in paragraph 29 of the Complaint.

30. Defendant admits that Wallace spent extensive amounts of time working on ZT related matters.  Defendant is unable to admit or deny the factual allegations contained in the second and third sentences of Paragraph 30.

31. The Defendant is unable to admit or deny the factual allegations contained in paragraph 31 of the Complaint.

32. The Defendant is unable to admit or deny the factual allegations contained in paragraph 32 of the Complaint.

33. The Defendant is unable to admit or deny the factual allegations contained in paragraph

33 of the Complaint.

34. The Defendant is unable to admit or deny the factual allegations contained in paragraph 34 of the Complaint.

35. The Defendant is unable to admit or deny the factual allegations contained in paragraph 35 of the Complaint..

36. Defendant denies the factual allegations contained in paragraph 36 of the Complaint.

37. Defendant admits the factual allegations contained in paragraph 37 of the Complaint.

38. The Defendant is unable to admit or deny the factual allegations contained in paragraph 38 of the Complaint.

39. The Defendant is unable to admit or deny the factual allegations contained in paragraph 39 of the Complaint.

40. The Defendant is unable to admit or deny the factual allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the factual allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the factual allegations contained in paragraph 42 of the Complaint.

43. Defendant denies the factual allegations contained in paragraph 43 of the Complaint.

44. The Defendant is unable to admit or deny the factual allegations contained in paragraph 44 of the Complaint.

45. The Defendant is unable to admit or deny the factual allegations contained in paragraph 45 of the Complaint.

46. The Defendant is unable to admit or deny the factual allegations contained in paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint does not contain factual allegations that require a

response.

48. Defendant admits he is a party to the WBDP Agreement, and he denies the remaining

factual allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the factual allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the factual allegations contained in paragraph 50 of the Complaint.

51. The averments in Paragraph 51 are denied.

52. The averments in Paragraph 52 are denied.

53. The averments in Paragraph 53 are denied.

54. The averments in Paragraph 54 are denied.  Plaintiff is not a party to the WBDP

Agreement.

55. Paragraph 55 does not require a response. To the extent a response is required, Defendant

incorporates the statements set forth in all preceding paragraphs of Defendant's

Response.

56. The Defendant is unable to admit or deny the factual allegations contained in paragraph

56 of the Complaint.

57. The averments in Paragraph 57are admitted.

58. The averments in Paragraph 58 are denied.

59. The averments in Paragraph 59 are denied.

60. The averments in Paragraph 60 are denied.

61. The averments in Paragraph 61 are denied.

62. The averments in Paragraph 62 are denied.

63. The averments in Paragraph 63 are denied.

64. Paragraph 64 does not require a response. To the extent a response is required, Defendant

incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

65. The Defendant is unable to admit or deny the factual allegations contained in paragraph 65 of the Complaint.

66. The Defendant is unable to admit or deny the factual allegations contained in paragraph 66 of the Complaint.

67. The Defendant is unable to admit or deny the factual allegations contained in paragraph 67 of the Complaint.

68. The Defendant is unable to admit or deny the factual allegations contained in paragraph 68 of the Complaint.

69. The Defendant is unable to admit or deny the factual allegations contained in paragraph 69 of the Complaint.

70. Paragraph 70 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

71. The Defendant is unable to admit or deny the factual allegations contained in paragraph 71 of the Complaint.

72. The Defendant is unable to admit or deny the factual allegations contained in paragraph 72 of the Complaint.

73. The Defendant is unable to admit or deny the factual allegations contained in paragraph 73 of the Complaint.

74. The Defendant is unable to admit or deny the factual allegations contained in paragraph 74 of the Complaint.

75. The Defendant is unable to admit or deny the factual allegations contained in paragraph 75 of the Complaint.

76. Paragraph 76 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

77. The Defendant is unable to admit or deny the factual allegations contained in paragraph 77 of the Complaint.

78. The Defendant is unable to admit or deny the factual allegations contained in paragraph 78 of the Complaint.

79. The Defendant is unable to admit or deny the factual allegations contained in paragraph 79 of the Complaint.

80. The Defendant is unable to admit or deny the factual allegations contained in paragraph 80 of the Complaint.

81. The Defendant is unable to admit or deny the factual allegations contained in paragraph 81 of the Complaint.

82. Paragraph 82 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

83. The Defendant is unable to admit or deny the factual allegations contained in paragraph 83 of the Complaint.

84. The Defendant is unable to admit or deny the factual allegations contained in paragraph 84 of the Complaint.

85. The Defendant is unable to admit or deny the factual allegations contained in paragraph

85 of the Complaint.

86. The Defendant is unable to admit or deny the factual allegations contained in paragraph 86 of the Complaint.

87. The Defendant is unable to admit or deny the factual allegations contained in paragraph 87 of the Complaint.

88. Paragraph 88 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

89. The Defendant is unable to admit or deny the factual allegations contained in paragraph 89 of the Complaint.

90. The Defendant is unable to admit or deny the factual allegations contained in paragraph 90 of the Complaint.

91. The Defendant is unable to admit or deny the factual allegations contained in paragraph 91 of the Complaint.

92. The Defendant is unable to admit or deny the factual allegations contained in paragraph 92 of the Complaint.

93. The Defendant is unable to admit or deny the factual allegations contained in paragraph 93 of the Complaint.

94. Paragraph 94 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

95. The Defendant is unable to admit or deny the factual allegations contained in paragraph 95 of the Complaint.

96. The Defendant is unable to admit or deny the factual allegations contained in paragraph 96 of the Complaint.

97. The Defendant is unable to admit or deny the factual allegations contained in paragraph 97 of the Complaint.

98. The Defendant is unable to admit or deny the factual allegations contained in paragraph 98 of the Complaint.

99. The Defendant is unable to admit or deny the factual allegations contained in paragraph 99 of the Complaint.

100.    Paragraph 100 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

101.    The Defendant is unable to admit or deny the factual allegations contained in paragraph 101 of the Complaint.

102.    The Defendant is unable to admit or deny the factual allegations contained in paragraph 102 of the Complaint.

103.    The Defendant is unable to admit or deny the factual allegations contained in paragraph 103 of the Complaint.

104.    The Defendant is unable to admit or deny the factual allegations contained in paragraph 104 of the Complaint.

105.    The Defendant is unable to admit or deny the factual allegations contained in paragraph 105 of the Complaint.

106.    Paragraph 106 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of

Defendant's Response.

107.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 107 of the Complaint.

108.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 108 of the Complaint.

109.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 109 of the Complaint.

110.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 110 of the Complaint.

111.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 111 of the Complaint.

112.     Paragraph 112 does not require a response. To the extent a response is required,

Defendant incorporates the statements set forth in all preceding paragraphs of

Defendant's Response.

113.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 113 of the Complaint.

114.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 114 of the Complaint.

115.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 115 of the Complaint.

116.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 116 of the Complaint.

117.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 117 of the Complaint.

118.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 118 of the Complaint.

119.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 119 of the Complaint.

120.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 120 of the Complaint.

121.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 121 of the Complaint.

122.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 122 of the Complaint.

123.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 123 of the Complaint.

124.     Paragraph 124 does not require a response. To the extent a response is required,

Defendant incorporates the statements set forth in all preceding paragraphs of

Defendant's Response.

125.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 125 of the Complaint.

126.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 126 of the Complaint.

127.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 127 of the Complaint.

128.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 128 of the Complaint.

129.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 129 of the Complaint.

130.     Paragraph 130 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

131.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 131 of the Complaint.

132.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 132 of the Complaint.

133.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 133 of the Complaint.

134.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 134 of the Complaint.

135.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 135 of the Complaint.

136.     Paragraph 136 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

137.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 137 of the Complaint.

138.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 138 of the Complaint.

139.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 139 of the Complaint.

140.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 140 of the Complaint.

141.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 141 of the Complaint.

142.     Paragraph 142 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

143.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 143 of the Complaint.

144.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 144 of the Complaint.

145.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 145 of the Complaint.

146.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 146 of the Complaint.

147.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 147 of the Complaint.

148.     Paragraph 148 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

149.     The Defendant is unable to admit or deny the factual allegations contained in

paragraph 149 of the Complaint.

150.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 150 of the Complaint.

151.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 151 of the Complaint.

152.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 152 of the Complaint.

153.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 153 of the Complaint.

154.     Paragraph 154 does not require a response. To the extent a response is required, Defendant incorporates the statements set forth in all preceding paragraphs of Defendant's Response.

155.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 155 of the Complaint.

156.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 156 of the Complaint.

157.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 157 of the Complaint.

158.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 158 of the Complaint.

159.     The Defendant is unable to admit or deny the factual allegations contained in paragraph 159 of the Complaint.

160.     Paragraph 160 does not require a response. To the extent a response is required,

Defendant denies the statements in Paragraph 160.

161.       Defendant denies each and every allegation of fact contained in the Complaint not expressly admitted above.

## AFFIRMATIVE DEFENSES

162.       Plaintiff lacks standing to assert the claims against Defendant.

163.       Defendant pleads that the Wallace Trusts materially breached the Contract; therefore, Defendant's performance was excused.

164.       Defendant pleads that the Wallace Trusts made it impossible for Defendant to perform under the Contract; therefore, Defendant's performance was excused.

165.       Defendant pleads that Wallace is not a party to the WBDP Agreement; therefore, Defendant is not liable to Wallace.

166.       Defendant pleads a failure of consideration by the Wallace Trusts; therefore Defendant is not liable.

167.       Defendant pleads a failure to perform conditions precedent; therefore Defendant is not liable.

168.       Defendant denies that he is liable on Plaintiff's claims for tortious interference

## PRAYER

169.       For these reasons, Defendant Bajjali pray that this case be dismissed, and that Defendant recover such other and further relief, at law or in equity, to which he is entitled.

## DEFENDANT'S / COUNTER-PLAINTIFF'S ORIGINAL COUNTERCLAIM AND CROSSCLAIM

Defendant, now acting as Counter-Plaintiff, complain of ZT Wealth Development, L.P., Taseer A. Badar, Altus Healthcare Management L.P., Altus HMS II L.P., Altus Hospice of Houston L.P., Altus Medical Equipment Services L.P., Altus Radiation Billing & Management L.L.P., Altus Radiation Oncology (Baytown) L.P., Clarus Billing & Management L.P., Clarus Imaging (Baytown), L.P., Clarus Imaging (Beaumont), L.P., True View Realty Partners One L.P., True View Realty Partners Two L.P., True View Realty Partners Three L.P., ZT Group Business Center One (Pearland) L.P., and ZT Shadow Creek Partners L.P. (collectively, the "Defendants").  Defendant / Counter-Plaintiff Bajjali would show the Court as follows:

    a.   Defendant Bajjali brings the following counter claims against Defendants to recover for damages suffered by Bajjali due to Defendant's tortious interference with Bajjali's business with the Wallace Trusts

## FACTUAL BACKROUND

170.    During the last several years, David Wallace was spending the majority of his time working on ZT related matters.  David Wallace admitted in writing that he was conflicted when it was necessary to make a decisions to protect the investor's interest in ZT Group Business Center One (Pearland) L.P., and ZT Shadow Creek Partners L.P.

171.    Wallace and Bajjali had unsuccessfully worked together for several years to secure an equity partner in order to better capitalize WBDP to continue to pursue Public Private Partnerships.

172.    In April of 2014, Bajjali proposed approaching Defendants to buy his interest in WBDP, stating that Wallace already had a good working relationship with Defendants and that Wallace was already spending tremendous amount of time with Defendants.

173.     In July of 2014, David Wallace and Greg Jackson, an employee of WBDP ("Jackson"), worked on a model to determine the value of Wallace Bajjali based on existing projects and potential new projects.  The model Jackson sent to Bajjali showed that the 50% value of the company was $1,823,623.  After the addition of a couple of projects that Jackson missed on his model, the model was modified to show the 50% value to be at $2,223,968.

174.     In early July of 2014, Wallace insisted that Bajjali provide him with a number that Wallace could present to Defendants to purchase Bajjali's 50% share in WBDP.  Based on the model that David Wallace and Jackson put together, in late July of 2014, Bajjali proposed to Wallace a tiered structure for him to present to Defendants.  The structure was as low as one half of the valuation that Wallace came up with but required that Bajjali receive releases from financial liabilities of WBDP.  The structure also included only one half of the bonus amount Bajjali was entitled to under the Amarillo agreement, contingent on Bajjali's ability to finalize and secure the Amarillo contract.

175.     Wallace told Bajjali that he wanted to present the offer to the Defendants, as he had an excellent relationship with the owners and several of the C-level executives.

176.     Between Mid-July and August 13, 2014 and on several occasions, Bajjali asked Wallace how things were going with Defendants and Wallace would state that the Defendants were performing their due diligence and that "we are very close to a deal."

177.      It is now clear and evident to Bajjali that David Wallace and Defendants were conspiring to find a way to push Bajjali out of WBDP.  Instead of negotiating in good faith, they contrived the idea of triggering the buy-sell provision of the WBDP Agreement.

178.     On August 13, 2014, David Wallace, as Trustee of the Wallace Trusts, triggered a

hostile buy-sell via an email that he sent to Bajjali, while Bajjali was in the middle of a

business meeting in North Houston.

179.     Wallace and Defendants tortiously interfered with Bajjali's partnership with the

Wallace Trusts and caused severe damage to WBDP, its lenders, its employees and its

investors.

180.     On August 22, 2014, Bajjali requested that Wallace immediately retract the buy-

sell offer set forth in his August 14th letter, so that the parties may negotiate and establish

a plan which met their respective objectives, honored their fiduciary obligations to their

investors and simultaneously protected the interests of the investors.

181.     On August 26, 2014 Wallace agreed to suspend the timeframe in which Bajjali

had to respond to the Buy-Sell Letter, so that the parties could participate in mediation.

182.     Before and during the failed mediation Wallace refused to use an MIA appraiser

to determine the fair market value of WBDP per Section 7.8 of the WBDP Agreement.

183.     After the failed mediation on September 11, 2014 Wallace negotiated no less than

half of dozen different deal structures, without agreeing to finalize any of them.

184.     On November 4, 2014, Wallace's attorney sent a letter stating that Wallace is

moving forward with the buy-sell procedure and deposited $10,000, on behalf of the

Wallace Trusts, as earnest money.

185.     On December 14, 2014 the Wallace Trusts failed to timely tender acceptable

executed documents and failed to timely tender payment.  The Wallace Trusts breached

the contract by failing to comply with the Buy-Sell Provision in the WBDP Agreement.

186.     On December 22, 2014 Wallace filed a lawsuit in Fort Bend County to enforce

the sale of ownership of units under the WBDP Agreement, but on January 13, 2015 Wallace non-suit without Prejudice.

187.     The record will show that several deals, related to WBDP and its subsidiaries, were falling apart without Bajjali's effort to ensure that those deals closed (Bajjali had previously resigned from related entities on November 3, 2015, due to the pending buyout). Furthermore, the record will show that one of the largest deals Wallace and Defendants were attempting to secure, by the end of 2014, was also falling apart.

188.     On January 6, 2015 Wallace engaged his current attorney to file Personal Bankruptcy.

189.     Wallace resigned from all WBDP related entities, entities that Bajjali had previously resigned from on November 3, 2015, leaving those entities without managers or officers.

190.     Wallace and Defendants fraudulently induced Bajjali to believe that Wallace was working with Defendants, in good faith, to facilitate Defendant's purchase of Bajjali's interest in WBDP while behind the scenes, Defendants were contriving a plan to defraud Bajjali from the value of his shares in WBDP.

191.     Bajjali suffered actual harm as a result of the Defendant's conduct.

192.     Bajjali suffered damages from Defendant's conduct, in such amount as may be proven at trial

193.     Bajjali is entitled to punitive damages for Defendant's tortious conduct


**RESERVATION OF RIGHTS**

194.     Bajjali hereby specifically reserves the right to bring any and all other causes of

action that  he may maintain against the Defendants,  including, without limitation, causes of action arising out of the same transaction(s) set forth herein, to the extent discovery in this action or further investigation by Bajjali reveals such further cause of action.

## PRAYER

WHEREFORE, Bajjali respectfully requests that the Court enter judgment for, or make findings of fact and conclusions of law in support of, the following relief:

a.  Enter an order of judgment awarding  Bajjali actual and compensatory damages caused by Wallace Trusts violation of the WBDP Agreement and Wallace's, and Defendants' tortious interference with Bajjali's business relation with the Wallace Trusts

b.  Enter an order of judgment awarding Bajjali such punitive damages as the evidence supports;

c.  Enter an order of judgment awarding Bajjali costs and reasonable attorneys' fees incurred herein.

d.  Grant Bajjali such other and further relief beneficial to Bajjali, as the Court deems appropriate and just under the circumstances.


Dated: June 13, 2016

                                          Respectfully submitted,

                                          By:_  */s/ Johnie Patterson*_
                                            Johnie Patterson
                                            State ID# 15601700
                                            ATTORNEY FOR BAJJALI


OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX  77208
(713) 956-5577
(713) 956-5570 (fax)