# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **CASE NO. 15-31594** |
| **DAVID GORDON WALLACE, JR.,** | § | |
|       Debtor. | § | |
| | § | **(CHAPTER 7)** |
| **ZT WEALTH DEVELOPMENT, L.P.** | § | |
|       Plaintiff, | § | |
| | § | **Adversary No. 15-03242** |
| **V.** | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.,** | § | |
|       Defendant. | § | |
| | § | |
| **RODENY TOW, CHAPTER 7** | § | |
| **TRUSTEE.** | § | |
|       Plaintiff-Intervenor, | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ZT WEALTH DEVELOPMENT, L.P.** | § | |
| **COSTA BAJJALI, TASEER A. BADAR,** | § | |
| **ALTUS HEALTHCARE** | § | |
| **MANAGEMENT L.P., ALTUS HMS II** | § | |
| **L.P., ALTUS HOSPICE OF HOUSTON** | § | |
| **L.P., ALTUS MEDICAL EQUIPMENT &** | § | |
| **SERVICES L.P., ALTUS RADIATION** | § | |
| **BILLING & MANAGEMENT L.L.P.,** | § | |
| **ALTUS RADIATION ONCOLOGY** | § | |
| **(BAYTOWN) L.P., CLARUS BILLING &** | § | |
| **MANAGEMENT L.P., CLARUS** | § | |
| **IMAGING (BAYOTOWN) L.P.,** | § | |
| **CLARUS IMAGING (BEAUMONT) L.P.,** | § | |
| **TRUE VIEW REALTY PARTNERS ONE** | § | |
| **L.P., TRUE VIEW REALTY PARTNERS** | § | |
| **TWO L.P., TRUE VIEW REALTY** | § | |
| **PARTNERS THREE L.P., ZT GROUP** | § | |
| **BUSINESS CENTER ONE (PEARLAND)** | § | |
| **L.P., AND ZT SHADOW CREEK** | § | |
| **PARTNERS L.P.** | § | |
| | § | |
|       Defendants. | § | |

## BAJJALI'S RESPONSE TO
## ZT WEALTH DEVELOPMENT, L.P.'s COUNTER-CLAIM

**TO THE HONORABLE COURT:**

Comes now, Defendant Costa Bajjali ("Bajjali") and files his Response to ZT Wealth Development, L.P.'s Counter-Claim ("Complaint") and would show unto the Court as follows:

1. Bajjali admits that he was aware of discussions between Wallace and Badar, and he is unable to admit or deny the remaining factual allegations contained in paragraph 18 of the Complaint.

2. Bajjali denies the factual allegations contained in paragraph 19 of the Complaint.

3. Bajjali denies the factual allegations contained in paragraph 20 of the Complaint.

4. Bajjali denies that he had any duty to disclose anything to Badar, and he further denies the factual allegations contained in paragraph 20(i) of the Complaint.

5. Bajjali denies that he had any duty to disclose anything to Badar, and he further denies the factual allegations contained in paragraph 20(ii) of the Complaint.

6. Bajjali denies that he had any duty to disclose anything to Badar, and he further denies the factual allegations contained in paragraph 20(iii) of the Complaint.

7. Bajjali denies that he had any duty to disclose anything to Badar, and he further denies the factual allegations contained in paragraph 20(iv) of the Complaint.

8. Bajjali denies that he had any duty to disclose anything to Badar, and he

further denies the factual allegations contained in paragraph 20(v) of the Complaint.

9. Bajjali denies that he had any duty to disclose anything to Badar, and he further denies the factual allegations contained in paragraph 20(vi) of the Complaint.

10. Bajjali denies that he had any duty to disclose anything to Badar, and he is unable to admit or deny the actions or intent of Wallace as alleged in paragraph 20(vii) of the Complaint.

11. Bajjali denies that he had any duty to disclose anything to Badar, and he is unable to admit or deny the actions or intent of Wallace as alleged in paragraph 20(viii) of the Complaint.

12. Bajjali denies that he had any duty to disclose anything to Badar, and he is unable to admit or deny the actions or intent of Wallace as alleged in paragraph 20(ix) of the Complaint.

13. Bajjali is unable to admit or deny what would or could have occurred had reality been different, and he denies the remaining factual allegations contained in paragraph 21 of the Complaint.

14. Bajjali denies the factual allegations contained in paragraph 22 of the Complaint.

15. Bajjali denies the factual allegations contained in paragraph 23 of the Complaint.

**WHEREFORE**, Defendant Bajjali requests the Court to enter a take nothing judgment for ZT Wealth Management, and to grant him such other and further relief, at law or in equity, to which he may be justly entitled.

**Dated**: July 5, 2016.

Respectfully submitted,


By: */s/ Johnie Patterson*
Johnie Patterson
State ID# 15601700


OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX  77208
713.956.5577
713.956.5570 (fax)


## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Response* was served upon C. Thomas Schmidt by electronic transmission on July 5, 2016.

*/s/ Johnie Patterson*
Johnie Patterson