UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
|    David G. Wallace | § | |
|       Debtor | § | CASE NO. 15-31594-H4-7 |
| | § | |
| ZT WEALTH DEVELOPMENT, L.P., *et al.*, | § | |
|       Plaintiff | § | |
| | § | ADVERSARY NO. 15-03242 |
|       vs. | § | |
| | § | |
| DAVID G. WALLACE, *et al.*, | § | |
|       Defendant. | § | |

### BAJJALI'S *EMERGENCY* MOTION TO COMPEL PRODUCTION OF DOCUMENTS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**COMES NOW**, Costa Bajjali, and files this *Emergency Motion to Compel Production Of Documents*, and would respectfully show the Court as follows:

1) The Court set a deadline to complete discovery in this adversary for August 31, 2016.  Docket #30

2) Mr. Bajjali timely served *Requests For Production* to ZT Wealth Development, L.P. ("ZT"), and Taseer Badar ("Badar").  Responses to the Requests (though no production) by each were provided on August 31, 2016.

3) ZT and Badar asserted identical objections to 42 of the 43 Requests for Production, each of which are inappropriate and not meritorious.

4) In addition, both ZT and Badar have failed to comply with the Federal Rules of Bankruptcy Procedure 7034(a)(2)(C) which requires and objecting party to indicate whether responsive documents are being withheld on the basis of the objection.

5) On September 20, 2016, counsel for ZT and Badar was notified by email of the deficiencies in the production responses, and a request for a time to discuss the objections to every request but one.

   a) On September 20, counsel responded, indicating that "we will have quite a few documents for you next week. . . . As for the objections, I'm out of town this week in a court proceeding, but can talk on Monday, when I'm back in town."

6) On September 29, 2016, counsel for ZT and Badar was again contacted by email, indicating "I'm looking for documents, and a time to discuss my Motion To Compel.  Please let me know."

   a) On September 30, 2016 counsel for ZT and Badar responded, indicating that he would contact his client to find out the status of the production.

   b) On October 5, 2016, counsel for ZT and Badar communicated via email that his client was having technical difficulties pulling the emails utilizing an automated query, and were having to pull emails manually.  He further

indicated that documents would be available Friday (October 7, 2016) or Monday (October 10, 2016).

7) On October 6, 2016, counsel for ZT and Badar was again contacted via email regarding the status of production.

8) Bajjali has been patient and has attempted in good faith to work through issues related to the objections and actual production as required by the Rules.

9) *Bajjali requests an emergency/expedited hearing because the discovery completion deadline has passed, responses to Motions For Summary Judgment are due the 31st of this month, and responsive documents are necessary for Bajjali to substantively respond to the Motion For Summary Judgment filed by ZT and Badar, claiming no evidence.*

10) The purpose of discovery is to allow the parties the opportunity to obtain full knowledge of the issues and facts of the lawsuit before trial and to prevent trial by ambush. To meet this purpose, a party "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties resources, the importance of the information in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. FED. R. CIV. P. 26(b).

11) The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482 (5th Cir. 1990). The "party resisting discovery 'must show specifically how . . . each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.'" *Id.* at 1485, citing *Josephs v. Harris Corp.*, 677

F.2d 985, 992 (3rd Cir. 1982). The standards governing responses to interrogatories are not distinguishable from those governing responses to production requests. *Id.*

12) A trial court has the authority to compel a party to respond to a discovery request. FED. R. CIV. P. 37(a)(1). Where, as here, ZT and Badar have failed to make sufficient responses to Plaintiff's legitimate discovery requests, the Court should order both ZT and Badar to immediately adequately and fully respond to Plaintiff's discovery because the information and documents requested are relevant to the allegations raised in this case.

13) Each of the Responses (for ZT and Badar) are attached hereto as exhibits A & B and are incorporated herein.

14) Each of the objections lodged are meritless, fail to comply with the Federal Rules, and should be disallowed.

15) Both ZT and Badar should be ordered to immediately produce all responsive documents to allow Bajjali to adequately respond to the summary judgment filed by them.

16) In the alternative, the Motion For Summary Judgment filed by ZT and Badar should be stricken for their complete failure to comply with the rules for discovery.

**WHEREFORE**, Costa Bajjali requests the Court to grant his Motion, disallow each of the lodged objections, alternatively strike their Motion For Summary Judgment, to compel ZT and Badar to immediately comply with the production request, and to grant him such other and further relief, at law or in equity, to which he may be justly entitled.

Dated: October 18, 2016

Respectfully submitted,

By: */s/ Johnie Patterson*
Johnie Patterson
attorney-in-charge
SBN 15601700

OF COUNSEL:
WALKER & PATTERSON, P.C.
P.O. Box 61301
Houston, TX 77208
713.956.5577
713.956.5570 fax

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing Motion was served upon Mr. Tom Schmidt, firm@schmidtfirm.com, tom@schmidtfirm.com on October 18, 2016 by electronic transmission.

 */s/ Johnie Patterson*
Johnie Patterson

## CERTIFICATE OF CONFERENCE

I certify that I have corresponded with Mr. Smith by email regarding the issues raised in this Motion. The details of the correspondence are included in the body of the Motion. No documents have been produced in response to the Request For Production and no explanation of the objections have been provided.

 */s/ Johnie Patterson*
Johnie Patterson